## HALL ET AL. v. HALE.

The act of congress adopted January 22, 1880, relating to the performance of annual labor upon mining claims, is not retroactive so as to divest a right already acquired under existing law. It must be construed, as to such rights, to operate as an extension of the time within which such annual labor must be performed. The object of the act was to make the calendar year the period for the performance of the labor.

*Appeal from District Court of Ouray County.*

THE facts are stated in the opinion.

Messrs. JOHN G. TAYLOR and S. P. ROSE, for appellants.

Mr. H. O. MONTAGUE, for appellee.

HELM, J. The only controversy in this case relates to the performance of annual labor under the act of con-

gress of January, 1880. Appellee located the Geneva lode on the 8th day of June, 1878. On the 7th of August following he ceased work upon the property. Nothing was done by him in 1879, and on June 12, 1880, appellants relocated the premises as abandoned ground, calling it the "Empire Lode." Thereafter, and in September, 1880, appellee re-entered and performed one hundred dollars' worth of work.

The act of congress above mentioned is an amendment of section 2324, Revised Statutes of the United States, and reads as follows:

"Provided, that the period within which the work to be done annually on all unpatented mining claims shall commence on the 1st day of January succeeding the date of location of such claim; and this section shall apply to all claims located since the 10th day of May, 1872."

Under the law as it stood at the date of the Geneva location, the work done by appellee held the claim until June 8, 1879. It would have been necessary for him to perform an additional one hundred dollars' worth of work by June 8, 1880. The foregoing statute, adopted January 22, 1880, could not be retroactive, so as to divest a right appellant had already acquired under the law. Congress could not say to him: "It is true that, by the law as it now stands, you have a right to perform the annual labor at any time prior to June 8, 1880, but we propose to cut off six months of that time, and limit you to the calendar year ending December 31, 1879." Such a construction would not be tolerated. To so hold might result in a legislative forfeiture of a man's property without any fault on his part. The 1st of January, 1880, had passed before appellee could possibly know of the law, and therefore it would be an absolute impossibility to comply with its provisions if he had not previously chanced to do so. If congress could take away six months of the time theretofore allowed, they could deprive him of eleven. Supposing appellee had located on the 8th

day of December instead of June, he would then have had until the 8th day of December, 1880, to perform this work. But, adopting the foregoing interpretation, his year would be reduced to twenty-three days.

Congress entertained no such intention. What did that body mean, then, by saying that the act should apply to claims located during the seven and one-half years prior to the date of its passage? Simply this: that as to such locations the calendar year should also be the period for performing the annual labor. And the statute must be construed, in cases like this, to operate as an extension and not as an abridgment of the locator's time. It must be held to have given appellee until the 31st day of December, 1880, to perform the labor which, without the statute, he was required to do upon the property by the 8th day of June preceding. It follows, therefore, that on the 12th day of June, 1880, the property was not subject to relocation, and that the attempted relocation thereof by appellants was void. The judgment is affirmed.

*Affirmed.*